# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NORTHERN DATA NY LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:24-cv-772-ACA |
| ] | |
| **ONYX DIGITAL FARMS LLC,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Northern Data petitioned the court to confirm an arbitration award issued in its favor against Defendant Onyx Digital Farms LLC. (Doc. 1). After attempting service on Onyx multiple times, Northern Data moved to serve Onyx by publication, and the court granted that request. (Docs. 17, 19). Despite being served by publication (doc. 20), Onyx never appeared in the litigation, and Northern Data now moves for default judgment against it (doc. 28). Northern Data seeks an award of $740,275.03 (consisting of $477,660 in principle; $182,105.65 in accrued interest as of January 13, 2025; $68,795 in arbitration attorney's fees; and $11,714.38 in administrative fees); prejudgment interest of 15% per annum; and attorney's fees and costs related to the proceeding before this court. (*Id.* at 2–3, 6–8).

The court **GRANTS IN PART** and **DEFERS RULING IN PART** on the motion, pending a supplemental filing from Northern Data. Because Northern Data's

well-pleaded allegations support its petition for confirmation of the arbitration award, the court **GRANTS** the petition (doc. 1), **CONFIRMS** the arbitration award issued on May 29, 2024, and **GRANTS** the motion for default judgment as to Onyx's liability. (Doc. 28). In addition, Northern Data has established $740,275.03 in principal, accrued interest, arbitration attorney's fees, and administrative fees. (*Id.* at 1–3, 6). Therefore, the court **GRANTS** Northern Data's requests for those amounts and **WILL AWARD** Northern Data $740,275.03.

But Northern Data has not supported its request for $27,033 in attorney's fees and costs incurred after the arbitration award. (*Id.* at 1; *but see id.* at 7–8). Thus, the court **DEFERS RULING** on whether Northern Data is entitled to the $27,033. If Northern Data would like to support its request for $27,033 in attorney's fees and costs incurred after the arbitration award, it may do so in a supplemental filing on or before **June 30, 2025.** Additionally, the court **ORDERS** Northern Data to file a notice indicating the total amount of prejudgment interest to date on or before **June 30, 2025**.

## I.     BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). According to Northern Data's well-pleaded allegations, Northern Data and Onyx executed a contract and promissory note in

September 2022 under which Onyx would pay Northern Data $477,660 in exchange for hardware. (Doc. 1 ¶¶ 5–6). When Onyx failed to pay that amount, Northern Data filed a demand for arbitration pursuant to the parties' agreement. (*Id.* ¶ 7). The parties arbitrated the dispute, and in May 2024, the arbitrator issued an award holding that Onyx breached its obligations under the contract and promissory note and owed Northen Data "$477,660 in damages and interest . . . at 15% per annum, calculated daily and compounded monthly from November 1, 2022, until . . . the entry of judgment by a court . . . confirming the arbitrator's determination." (*Id.* ¶¶ 8–10) (quotation marks omitted).

Onyx did not pay Northern Data pursuant to the award, so in June 2024, Northern Data filed this petition. (*Id.* ¶¶ 11, 13; *see* doc. 1 at 1).

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, the Clerk of Court must enter a party's default when the party fails to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations

in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Here, the Clerk has already entered Onyx's default (doc. 23), so the court must determine whether the well-pleaded factual allegations support Northern Data's petition. The Federal Arbitration Act provides that if "at any time within one year after [an] award is made[,] any party to the arbitration may" seek an order from a federal district court confirming the award, which the court "must grant . . . unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party . . . within three months after the award is filed." *Id.* § 12.

Northern Data filed its petition within one year of the filing of the award. (Doc. 1 at 1). And the record does not indicate that Onyx timely attempted to vacate, modify, or correct the award (*see* doc. 28 at 5), thus barring it from raising the invalidity of the award as a defense, *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989). Therefore, under the Federal Arbitration Act, the court "must grant" the award. 9 U.S.C. § 9; *see also Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) (explaining that "the [Federal Arbitration Act] imposes a heavy presumption in favor of confirming arbitration

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

awards; therefore, a court's confirmation of an arbitration award is usually routine or summary") (quotation marks omitted). Accordingly, the court **GRANTS** the petition for confirmation of the arbitration award (doc. 1), **CONFIRMS** the arbitration award issued on May 29, 2024, and **GRANTS** the motion for default judgment as to Onyx's liability (doc. 28).

Next, the court must address the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1). Unlike a finding of liability, the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

In its petition, Northern Data requested (1) $477,660 in principal; (2) interest at 15% "per annum, calculated daily and compounded monthly from November 1, 2022" to "the entry of judgment by a court . . . confirming the arbitrator's

5

determination";[2] (3) arbitration attorney's fees in the amount of $68,795; (4) administrative fees in the amount of $11,714.38; (5) post-judgment interest; and (6) "costs incurred by [Northern Data] in connection with this proceeding." (Doc. 1 ¶ 10 (quotation marks omitted); *id.* at 3–4).

Northern Data's motion for default judgment mirrors the petition's requests for damages in the amounts of (1) $477,660 in principal; (2) interest at 15% "per annum, calculated daily and compounded monthly from November 1, 2022" to "the entry of judgment by a court . . . confirming the arbitrator's determination"; (3) arbitration attorney's fees in the amount of $68,795; and (4) administrative fees in the amount of $11,714.38, satisfying Rule 54(c)'s requirement that the damages requested in the motion for default judgment do not differ in kind from those in the pleadings. (*Compare* doc. 28 at 1–3, *with* doc. 1 ¶ 10); *see* Fed. R. Civ. P. 54(c). Moreover, the court finds that those amounts are "liquidated sum[s]," *United Artists Corp.*, 605 F.2d at 857, and supported by the record (*see* doc. 1-3 at 2); *Adolph Coors Co.*, 777 F.2d at 1544. The court therefore finds it appropriate to award those amounts and **GRANTS** Northern Data's requests for these amounts.

But the court has concerns about Northern Data's requests for attorney's fees and costs associated with the proceeding before this court. (*See* doc. 28 at 6–8). First,

---

[2] Because Onyx has not paid the award (doc. 1 ¶ 11; doc. 1-3 at 2), the relevant date for the calculation of interest is "the entry of judgment by a court . . . confirming the arbitrator's determination," instead of "the date of payment of th[e] [a]ward" (doc. 1 ¶ 10; doc. 1-3 at 2).

in the introduction paragraph in the motion for default judgment, Northern Data requests $27,033 in fees and costs incurred after the arbitration award was filed. (*Id.* at 1). But on a later page, Northern Data lists those costs as totaling $32,387.82.[3] (*Id.* at 7–8).

Second, the invoices that serve as the bases for attorney's fees are insufficient to support the amounts requested. For example, Northern Data requests $19,489.50 in attorney's fees for Wiley Rein LLP (doc. 28 at 7), but several invoices comprising that amount contain descriptions of billable time that are completely redacted (*see* doc. 28-2 at 3 (billed by Christina V. Lucas on June 12, 2024); *id.* at 4 (billed by Josh Simmons on June 24, 2024 and June 25, 2024); *id.* at 10 (billed by Josh Simmons on September 15, 2024 and October 2, 2024); *id.* at 12 (billed by Josh Simmons and Christina V. Lucas on November 4, 2024; November 22, 2024, November 25, 2024; and November 26, 2024)).

The court cannot award fees for billable time when it is unclear whether that billable time is attributable to this case. If Northern Data excluded the redacted billable time from the total fees owed to Wiley Rein LLP, Northern Data must make that clear. As it stands now, the court cannot tell what billable time was included to calculate the total fees owed to Wiley Rein LLP. (*Compare* doc. 28-4 at 2, *with* doc.

---

[3] To calculate this amount, the court adds together the amount of attorney's fees incurred after the arbitration award was filed ($30,699.50) plus the amount of costs associated with this action ($1,688.32). (*See* doc. 28 at 7–8).

28-2 at 2–12). Thus, the attorney's fees requested for Wiley Rein LLP are not supported by the record. *See Adolph Coors Co.*, 777 F.2d at 1544.

In addition, Northern Data requests $11,210 in attorney's fees for Hilgers Graben PLLC (doc. 28 at 7), but several invoices from that firm contain billable time descriptions attributable not to this case, but to another case before this court, *Northern Data NY, LLC v. Rogers*, No. 24-771. For example, several descriptions of billable time concern attempts to serve Paul Rogers, who is not a party to this case but is the defendant in the other case. (*See* doc. 28-3 at 16 (billed on September 23, 2024[4] and September 24, 2024); *id.* at 17 (billed on September 25, 2024); *id.* at 21 (billed on October 2, 2024 and October 3, 2024)). The court cannot award fees for billable time expended for a separate case. And again, to the extent Northern Data excluded this billable time from the total fees owed to Hilgers Graben PLLC, Northern Data must make that clear. The court cannot tell what billable time was included to calculate the total fees owed to Hilgers Graben PLLC (*compare* doc. 28-4 at 2, *with* doc. 28-3 at 2–30), and therefore those fees are not supported by the record, *see Adolph Coors Co.*, 777 F.2d at 1544.

---

[4] Northern Data filed its motion to serve Onyx by publication on September 12, 2024 (doc. 17 at 1), so the court assumes any discussions about "future attempts" to serve that took place on September 23, 2024 concerned the service of Mr. Rogers (doc. 28-3 at 16). The billable time description on the next day affirms this construction: "[d]raft motion to serve by publication for Paul Rogers." (*Id.*).

8

Rather than denying Northern Data these amounts outright, the court **DEFERS RULING** on Northern Data's requests for attorney's fees and costs associated with the proceeding before this court. (*See* doc. 28 at 6–8). The court will give Northern Data the opportunity to supplement its motion for default judgment in support of these requests, and Northern Data may file its supplement on or before **June 30, 2025.**

The court **WILL AWARD** Northern Data $477,660 in principle; $182,105.65 in accrued interest as of January 13, 2025; $68,795 in arbitration attorney's fees; $11,714.38 in administrative fees; and prejudgment interest of 15% per annum. (Doc. 28 at 2–3, 6). This amount reflects all damages that Northern Data requests except for "costs incurred . . . in connection with this proceeding" (doc. 1 at 3–4; *see also* doc. 28 at 6–8), for which the court finds insufficient support in the record. Even if Northern Data elects not to supplement its request costs incurred during this action, the court **ORDERS** Northern Data to supplement this filing, on or before **June 30, 2025**, with the total amount of per annum interest accruing between January 13, 2025 and the date of its supplemental filing.

### III. CONCLUSION

The court **GRANTS IN PART** and **DEFERS RULING IN PART** on the motion, pending a supplemental filing from Northern Data. Because Northern Data's well-pleaded allegations support its petition for confirmation of the arbitration

award, the court **GRANTS** its petition (doc. 1), **CONFIRMS** the arbitration award issued on May 29, 2024, and **GRANTS** the motion for default judgment as to Onyx's liability (doc. 28). In addition, because Northern Data has established $740,275.03 in principal, accrued interest, arbitration attorney's fees, and administrative fees, the court **GRANTS** Northern Data's requests for those amounts and **WILL AWARD** Northern Data $740,275.03. (*Id.* at 1–3, 6).

But Northern Data has not supported its request for $27,033 in attorney's fees and costs incurred after the arbitration award. (*Id.* at 1; *but see id.* at 7–8). Accordingly, the court **DEFERS RULING** on whether Northern Data is entitled to the $27,033. If Northern Data would like to support its request for $27,033 in attorney's fees and costs incurred after the arbitration award, it may do so in a supplemental filing on or before **June 30, 2025.** Additionally, the court **ORDERS** Northern Data to file a notice indicating the total amount of prejudgment interest to date on or before **June 30, 2025**.

**DONE** and **ORDERED** this June 16, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE